NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1042


TEN KY

VERSUS

GOB CONSTRUCTION, INC., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 89939
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.


AFFIRMED.

**Ted L. Ayo**
**Attorney at Law**
**10 S. St. Charles St.**
**Abbeville, LA 70510-5108**
**(800) 880-1117**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **James Noel d/b/a Sunrise Realty, Inc.**

**Carl M. Duhon**
**Ike Huval**
**Duhon Law Firm**
**P. O. Box 52566**
**Lafayette, LA 70505**
**(337) 237-9868**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Ten Ky**

**Christopher Kent Ralston**
**Phelps Dunbar L.L.P.**
**365 Canal St., Suite 2000**
**New Orleans, LA 70130-6534**
**(504) 861-7528**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Stewart Title Guaranty Co.**

**SAUNDERS, Judge.**

This case involves a homeowner who discovered that the home he purchased was constructed in violation of the setback restrictions imposed by the city and subdivision. The homeowner sued the insurance company that issued title insurance on the sale and the realty company that acted as the listing and selling agent.

The trial court granted both the insurance company and realty company's separate motions for summary judgment dismissing each from the suit. The homeowner appeals, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

On February 25, 2008, Ten Ky purchased a family home an accompanying property in Abbeville, Louisiana. The home was constructed by G.O.B. Construction, Inc. (G.O.B.). James A. Noel d/b/a Sunrise Realty, Inc. (Sunrise Realty), acting through its employee/agent, served as Ky's real estate agent in connection with the purchase of the property. Stewart Title Guaranty Company (Stewart Title) sold Ky a title insurance policy for the sale.

Towards the end of 2008, a neighbor advised Ky that his home encroached upon the five-foot setback restrictions found in the Act of Dedication of North Hills Subdivision, Phase II and the zoning laws promulgated by the City of Abbeville. A survey performed indicated that the home encroaches on the five-foot setback restriction by up to one foot on the front and by less than half a foot at the rear.

Ky filed suit against G.O.B., Stewart Title, and Sunrise Realty seeking a judgment ordering the defendants to take all action necessary to make the property comply with all applicable zoning ordinances and subdivision covenants and ordering the defendants to compensate Ky for his damages. G.O.B. did not answer

the suit nor has it participated in this litigation as it is no longer in business. Stewart Title and Sunrise Realty answered the suit timely and asserted various defenses.

Thereafter, the Abbeville City government enacted a resolution granting Ky a variance from the setback restriction. It did so after verifying that Ky's home did not interfere with the restriction's purpose, insuring that fire and safety vehicles could pass between homes in the neighborhood in the case of an emergency.

Ky continued the litigation by seeking a summary judgment against Stewart Title holding that the encroachments on the setback restrictions were covered risk under the title insurance policy despite the resolution passed by the Abbeville City government and despite no entity ever requesting Ky to comply with any setback restrictions. The trial court denied this motion.

After the trial court denied Ky's motion, his deposition was taken. In that deposition, Ky affirmed that no entity ever requested him to bring his home into compliance with any setback restrictions and that he had not suffered any damages or loss due to the setback restrictions. Both Stewart Title and Sunrise Realty moved for summary judgment seeking dismissal from the suit.. The trial court granted both motions. Ky appeals, asserting two assignments of error.

**ASSIGNMENTS OF ERROR:**

I.

The Trial Court erred when it denied Mr. Ky's Motion for Summary Judgment and granted Steward Title Guaranty Company's Motion for Summary Judgment because the facts clearly show that the Property is unmarketable and unmarketability is a covered risk under paragraphs 4, 9 and 26 of the section of the policy entitled "Coverage."

II.

The Trial Court erred when it granted Mr. Noel's Motion for Summary Judgment because James A Noel (d/b/a Sunrise Realty, Inc.)

is responsible for his agent's failure to discover that [the] home encroaches upon the setback restrictions and to advise Mr. Ky of the encroachments.

## ASSIGNMENT OF ERROR NUMBER ONE:

Ky asserts that the trial court erred when it denied his motion for summary judgment and granted Steward Title Company's motion for summary judgment because the facts clearly show that his property is unmarketable and unmarketability is a covered risk under the policy. We disagree.

Summary judgments are reviewed de novo. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

Stewart Title raises the question of whether Ky can properly appeal the trial court's denial of his motion for summary judgment. We do not address this issue as it is unnecessary to adjudicate this matter.

3

The policy at issue insures Ky against "actual loss." Stewart Title points out that there is no evidence that Ky sustained an actual loss. Given that this is an essential element of Ky's claim, Ky must show that he can carry his burden to prove at trial that he sustained an actual loss.

After a thorough review of the record, we find that Ky has failed to show that he can carry his burden to prove an actual loss at trial. The record is devoid of any evidence that he suffered an actual loss. Ky testified in his deposition that he hasn't suffered any loss at this time, but his fear is that he will suffer a loss in the future. This fear is not evidence of an actual loss. Accordingly, we find no merit to assignment of error number one.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Ky contends that the trial court erred when it granted Sunrise Realty's motion for summary judgment because an agent with Sunrise Realty failed to discover that Ky's home encroaches upon the setback restrictions and to advise Ky of those encroachments. We find no error by the trial court.

The standard of review is again de novo, as this assignment of error deals with the propriety of a summary judgment. *Thibodeaux*, 38 So.3d 544.

At trial, Ky has the burden to prove that Sunrise Realty caused damage to him through violating a duty that it owed to him. After reviewing the record, we find that Ky cannot carry his burden to prove that he suffered any damages regardless of whether Sunrise Realty had any duty to inform him of the setback restrictions. Ky alleges that his property's value is decreased by the home's violation of the setback restrictions and that these are damages that he has sustained. We find no evidence supporting Ky's allegation in the record. Contrarily, the only expert evidence in the record indicates that the value of Ky's

4

property is unchanged by the setback restrictions. Accordingly, we do not find merit to Ky's second assignment of error.

## CONCLUSION:

Ten Ky raised two assignments of error asserting that the trial court erred in granting motions for summary judgment dismissing Stewart Title Guaranty Company and James A. Noel d/b/a Sunrise Realty, Inc. as defendants in Ky's suit. We find no evidence in the record that Ky suffered an actual loss, a necessity for coverage under the plain language of Steward Title's policy. Further, we find no evidence of any damages suffered by Ky, a necessity for his claim against Sunrise Realty. Thus, we find no error by the trial court in granting either motion. All costs of these proceedings are assessed to Ten Ky.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal, Rule 2-16.3.